UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**JANE COE, a pseudonym**

                    Plaintiff,

    *-against-*

**CHARLES REGAN, EASTPORT UNION FREE
SCHOOL DISTRICT, SOUTH MANOR UNION
FREE SCHOOL DISTRICT, EASTPORT-SOUTH
MANOR CENTRAL HIGH SCHOOL DISTRICT,
and EASTPORT-SOUTH MANOR CENTRAL
SCHOOL DISTRICT as successor in interest,
JOSEPH P. GAGLIANO, PETER C. SCORDO,
EDWARD BRODERICK, GARY H. SCHNEIDER,
BENEDICT MERENDINO, B. ALLEN MANNELLA,
WILLIAM BURGER, BRUCE KRONMAN,
CHARLES TESTA, RICHARD SCHMIDT,
MARILYN DORSA, MARION DIENER,
NEAL MIRANDA, and all superintendents,
administrators, principals, and their employees
and/or agents, from 1997 through 2002,**

                    Defendants.
------------------------------------------------------------------X

                  **COMPLAINT**

CIVIL ACTION NO. 19-5327

       Plaintiff, **JANE COE**, by her attorneys, Ray, Mitev & Associates, LLP, appears and complains as follows:

                    **PARTIES**

      1.     At all times, JANE COE is a resident of Suffolk County, New York, over the age of 18. "JANE COE" is the pseudonym of Plaintiff. JANE COE proceeds herein via the use of her pseudonym in place of her full name because the events alleged herein took place when JANE COE was an infant, and involve sexual improprieties committed by Defendants against Plaintiff, and JANE COE is reasonably in fear of her health and safety were her identity set forth in full here. Her identity is known to Defendants.

1

2.      At all times, until 2004, Defendant Eastport Union Free School District is and was a New York State public school district created and existing under and by virtue of the laws of the State of New York, with offices in and located in Suffolk County, New York.

3.      At all times, until 2004, Defendant South Manor Union Free School District is and was a New York State public school district created and existing under and by virtue of the laws of the State of New York, with offices in and located in Suffolk County, New York.

4.      At all times, since 1999 until 2004, Defendant Eastport-South Manor Central High School District is and was a New York State public school district created and existing under and by virtue of the laws of the State of New York, with offices in and located in Suffolk County, New York.

5.      At all times, since 2004 to the present, Defendant Eastport-South Manor Central School District was and is a public school district created and existing under and by the virtue of the laws of the State of New York, with offices in and located in Suffolk County, New York.

6.      In or about 1999, Eastport and South Manor public schools merged, and by reorganization became Eastport Union Free School District (K-6), South Manor Union Free School District (K-6), and Eastport-South Manor Central High School District (7-12).

7.      In or about 2004, Eastport Union Free School District, South Manor Union Free School District, and Eastport-South Manor Central High School District, reorganized and became Eastport-South Manor Central School District.

8.      By reason thereof, upon information and belief, Eastport-South Manor Central School District is the successor in interest of the aforesaid districts.

9.      Upon information and belief, at all relevant times, Dayton Avenue School is or was a public school operating as a common school of the South Manor Union Free School

2

District, Eastport-South Manor Central High School District, and/or Eastport-South Manor Central School District.

10.   At all times, Eastport High School is or was a public school operating as a high school of the Eastport Union Free School District, South Manor Union Free School Distract, Eastport-South Manor Central High School District, and/or Eastport-South Manor Central School District.

11.   Upon information and belief, at all relevant times, Eastport-South Manor Central High School is or was a public school operating as a high school of the Eastport Union Free School District, South Manor Union Free School Distract, Eastport-South Manor Central High School District, and/or Eastport-South Manor Central School District.

12.   At all relevant times, Eastport-South Manor Junior-Senior High School is or was a public school operating as a high school of the Eastport Union Free School District, South Manor Union Free School Distract, Eastport-South Manor Central High School District, and/or Eastport-South Manor Central School District.

13.   At all relevant times, individual Defendants are or were agents or employees of a public school district located in Suffolk County, organized in and existing under the laws of the State of New York as the Eastport Union Free School District, South Manor Union Free School District, Eastport-South Manor Central High School District, Eastport-South Manor Central School District, and/or all other public schools involved in the reorganization mergers and dissolutions of the Eastport-South Manor Central School District.

14.   Upon information and belief, Defendant Gary H. Schneider is or was Superintendent of South Manor Union Free School District between the years 1998-2001.

15.   Upon information and belief, at all relevant times, Defendant Gary H. Schneider is or was a resident of Suffolk County.

3

16.     Upon information and belief, Defendant Edward Broderick is or was Principal of Dayton Avenue School at times between the years 1997-1999.

17.     Upon information and belief, at all relevant times, Defendant Dr. Edward Broderick is or was a resident of Suffolk County.

18.     Upon information and belief Defendant Benedict Merendino is or was Principal of Dayton Avenue School at times between the years 1997-1999.

19.     Upon information and belief, at all relevant times, Defendant Benedict Merendino is or was a resident of Suffolk County.

20.     Upon information and belief, Defendant B. Allen Mannella is or was Superintendent of Eastport-South Manor Central High School District and/or Eastport-South Manor Central School District at times between the years 1999-2002.

21.     Upon information and belief, at all relevant times, Defendant B. Allen Mannella is or was a resident of Suffolk County.

22.     Upon information and belief, Defendant Peter C. Scordo is or was Superintendent of Eastport-South Manor Central High School District and/or Eastport-South Manor Central School District at times between the years 2000-2002.

23.     Upon information and belief, at all relevant times, Defendant Peter C. Scordo is or was a resident of Suffolk County.

24.     Upon information and belief, Defendant James McCaffrey is or was Principal of Eastport High School, Eastport-South Manor Central High School, and/or Eastport-South Manor Junior-Senior High School, at times between the years 1999-2002.

25.     Upon information and belief, at all relevant times, Defendant James McCaffrey is or was a resident of Suffolk County.

4

26.     Upon information and belief, Defendant Joseph P. Gagliano is or was Principal of Eastport High School, Eastport-South Manor Central High School, and/or Eastport-South Manor Junior-Senior High School, at times between the years 2000-2002.

27.     Upon information and belief, at all relevant times, Defendant Joseph P. Gagliano is or was a resident of Suffolk County.

28.     Upon information and belief, Defendant William Burger is or was interim Principal of Dayton Avenue School at times during the 1998-1999 school year.

29.     Upon information and belief, at all relevant times, Defendant William Burger is or was a resident of Suffolk County.

30.     Upon information and belief, Defendant Bruce Kronman was President of the Board of Education for South Manor Union Free School District during the 1997-1999 school years.

31.     Upon information and belief, at all relevant times, Defendant Bruce Kronman is or was a resident of Suffolk County.

32.     Upon information and belief, Defendant Marilyn Dorsa was Vice President of the Board of Education for South Manor Union Free School District during the 1997-1999 school years.

33.     Upon information and belief, at all relevant times, Defendant Marilyn Dorsa is or was a resident of Suffolk County.

34.     Upon information and belief, Defendant Marion Diener was Trustee of the Board of Education for South Manor Union Free School District during the 1998-1999 school year.

35.     Upon information and belief, at all relevant times, Defendant Marion Diener is or was a resident of Suffolk County.

5

36. Upon information and belief, Defendant Charles Testa was Trustee of the Board of Education for South Manor Union Free School District during the 1998-1999 school year.

37. Upon information and belief, at all relevant times, Defendant Charles Testa is or was a resident of Suffolk County.

38. Upon information and belief, Defendant Richard Schmidt was Trustee of the Board of Education for South Manor Union Free School District during the 1998-1999 school year.

39. Upon information and belief, Defendant Richard Schmidt is or was a resident of Suffolk County.

40. Upon information and belief, Defendant Neal Miranda was Trustee of the Board of Education for South Manor Union Free School District during the 1998-1999 school year.

41. Upon information and belief, at all relevant times, Defendant Neal Miranda is or was a resident of Suffolk County.

42. Plaintiff was a Middle School infant student in Defendant South Manor Union Free School District in the years September 1997 through June 1999.

43. Plaintiff was a High School infant student in Defendant Eastport-South Manor Central High School District in the years September 1999 through June 2002.

44. At all relevant times, from September 1997 through June 2002, Plaintiff was a student in the Eastport Union Free School District, South Manor Union Free School District, Eastport-South Manor Central High School District, Eastport-South Manor Central School District, or any public school involved in the reorganization mergers and dissolutions of the Eastport-South Manor Central School District.

**JURISDICTION**

Jurisdiction is proper because this case is brought, *inter alia*, pursuant to federal statutes 20 USC §1681 *et seq*. (Title IX), and 42 USC §1983.

**VENUE**

Venue is properly in this District because the acts alleged herein all arose and occurred in this District, and all the parties resided in or were located in this Eastern District of New York when these acts arose and occurred.

**AS FOR A FIRST CAUSE OF ACTION:**
**NEGLIGENT FAILURE TO INVESTIGATE AND SUPERVISE**

45.     During the aforesaid years, from September 1997 through June 1998, upon information and belief, Defendant Regan was a Special Education teacher and girls' basketball coach in Defendants' South Manor Union Free School District. During the years September 1999 through June 2002, upon information and belief, Defendant Regan was a Special Education teacher and girls' basketball coach in Defendant South Manor Union Free School District.

46.     During the school year September 1997 through June 1999, Plaintiff was a basketball team member on Defendants' team when Defendant Regan was a basketball coach of that team.

47.     In or about September 1997 through June 2002, in the course of and by reason of his employment, Defendant Regan engaged in improper sexual grooming techniques as to Plaintiff, to prepare Plaintiff for Defendant Regan's perverse sexual assault, battery, and sexual abuse.

48.     Said improper sexual grooming techniques by Regan included but were not limited to cajoling, persuading, favoring Plaintiff and exercising his authority and power as a teacher, and coach, to cause infant student Plaintiff to look up to, admire, and rely upon Regan,

7

accept Regan as a mentor and friend, and come under his undue influence and overreaching; and said techniques included causing Plaintiff to go to the beach with Regan, to be there touched and embraced by Regan.

49.     In or about 2001, Defendant in his capacity as, and with the authority of a teacher in Defendants' school, cajoled, persuaded, overreached, and exercised his undue influence, and directed Plaintiff to purchase two tickets, one for him and one for Plaintiff, to attend a New York Knicks game in New York City.

50.     Defendant Regan told Plaintiff to make the said purchase in order that the tickets would not be traceable by anyone to Plaintiff.

51.     Defendant Regan reimbursed Plaintiff with funds for said purchase.

52.     The aforesaid purchase and reimbursement carried out by Regan and at his direction, were designed by Regan and intended by Regan to conceal his perverse sexual purposes and behavior as to Plaintiff, and were part of his sexual grooming of Plaintiff for Defendant Regan's eventual sexually perverse pleasures, perversions, sexual assault and sexual battery.

53.     In or about 2001, Defendant Regan drove Plaintiff to the said Knicks game in Defendant's vehicle so as to eventually sexually seduce, abuse, assault and batter Plaintiff.

54.     At said Knicks game, Defendant Regan repeatedly purchased alcoholic beer unlawfully for Plaintiff to drink and urged Plaintiff to drink the beer. Plaintiff did so, at the unlawful behest of and under the undue influence and overreaching of Regan.

55.     By reason thereof, Plaintiff became intoxicated.

56.     It was Defendant Regan's willful intention that Plaintiff become intoxicated, in order that Plaintiff would become disarmed, helpless, bereft of all social, mental and physical

8

defenses, and her resistance would be weakened and destroyed as to the sexual advances, sexual assault and battery and sexual abuse Regan intended to inflict upon Plaintiff.

57.     By reason of Plaintiff's intoxication and her having been submitted by Regan to his aforesaid sexual grooming techniques, and by reason of Regan's use of his authority and power as a teacher, Plaintiff was in fact socially, mentally and physically weakened and incapable of meaningful resistance when Regan did make his sexual advances upon infant student Plaintiff.

58.     At the conclusion of the aforesaid Knicks game, Defendant Regan drove Plaintiff in his vehicle to a home Regan occupied, with the wrongful purpose of sexually seducing, assaulting, battering, and abusing Plaintiff.

59.     After Defendant Regan took Plaintiff into the aforesaid home, Regan demanded of Plaintiff, cajoled, overreached her and exercised upon her his undue influence, power and authority as Defendants' teacher and former coach, while Plaintiff was intoxicated by alcohol, to cause student Plaintiff to submit to Regan's perverse sexual advances, sexual assault and battery, and sexual abuse, and thereby caused Plaintiff to administer oral sex upon Regan.

60.     Soon thereafter, by reason of his authority and power as a teacher, Defendant Regan cajoled, overreached and exercised his undue influence upon Plaintiff, and thereupon instructed Plaintiff to lie to school authorities about her whereabouts and activities, and his whereabouts and activities, when Plaintiff and Regan had been to Defendant's dwelling as aforesaid. Upon information and belief, Defendant Regan caused Plaintiff to engage in the aforesaid deceit in order to attempt to conceal his aforesaid wrongful conduct.

61.     Upon information and belief, Defendant Regan told the same or similar deceits to said school authorities who were purportedly investigating the said whereabouts and activities of Regan and Plaintiff.

9

62.    Plaintiff obeyed Defendant Regan, and lied to school authorities as to the same, in the manner Regan had demanded.

63.    Soon thereafter, Plaintiff's mother complained to Defendants' school authorities as to Plaintiff's whereabouts and in conjunction therewith, those whereabouts and activities of Regan on the evening of the aforesaid Knicks game.

64.    Defendants by their agents and employees, had a duty to perform such a proper and sufficient investigation, as to Regan's and Plaintiff's aforesaid whereabouts and activities, and as to the relationship of Regan and Plaintiff, and the history thereof, and as to Regan's relationships with other students in Defendants' schools.

65.    Upon information and belief, Defendant Regan, by reason of his position, authority and power as a teacher and coach in Defendants' school, had also sexually abused, assaulted, battered and raped another female student of Defendants' school, who was 14 years of age at the time of the rape.

66.    Defendants' agents and employees, who were in authority as administrators and/or staff of Defendants, failed and refused to perform a proper and sufficient investigation, and negligently, grossly negligently and with reckless disregard of Plaintiff's rights, and willfully performed instead a merely perfunctory and facile investigation of the whereabouts and activities of Plaintiff and Regan on the evening of the Knicks game, and all of the relationships and history of Regan with Plaintiff and with other students, including the said 14-year old female.

67.    Defendants' aforesaid investigators knew or should have discerned or known of the true whereabouts and activities of Plaintiff and Regan on the evening of the said Knicks game, and of the relationship and history of Regan with Plaintiff and with other students, including the said 14-year old female, but negligently, grossly negligently and with reckless

disregard of Plaintiff's rights, or willfully failed and refused to properly, sufficiently investigate and ascertain the aforesaid facts and circumstances.

68.    By reason of the foregoing, Defendants, their agents and employees had a duty to intervene as between Plaintiff and Defendant Regan before, during and after Regan engaged in said sexual grooming techniques, and aforesaid sexual abuse and sexual battery, to provide protection to Plaintiff from Defendant Regan, both before and after Regan's sexual abuse, assault and battery of Plaintiff.

69.    By reason of the foregoing, Defendants' failure and refusal to have properly and sufficiently investigated the aforesaid, and to have thereupon rendered supervision and due protection and aid to Plaintiff, the Defendants caused and encouraged their employee Regan to continue to subject student infant Plaintiff to teacher Defendant Regan's sexual grooming, sexual abuse, assault, and battery, and Regan did continue to so subject Plaintiff to the aforesaid atrocious conduct, causing Plaintiff grievous harm.

70.    The aforesaid facts and circumstances as to Plaintiff and as to the other female student, could have and should have been ascertained by Defendants, their agents and employees by the conducting of a proper investigation.

71.    By reason of Defendants' aforesaid neglect, gross neglect, reckless disregard, and willful conduct in negligently, grossly negligently, and with reckless disregard of Plaintiff's rights, and willfully failing to conduct a proper and sufficient investigation, and in negligently, grossly negligently and willfully failing to supervise Defendants' employees, including Regan and the aforesaid investigators and investigation, Plaintiff was harmed in that Plaintiff was subjected to Defendant Regan's persistent sexual grooming, sexual abuse, sexual harassment, and assault and battery.

11

72. Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

73. By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A SECOND CAUSE OF ACTION: SEXUAL ABUSE AND HARASSMENT

74. By reason of the foregoing, Defendant Regan intentionally and willfully sexually abused and harassed Plaintiff.

75. At all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by reason of his employment as Defendants' teacher.

76. By reason of the foregoing, Defendants are liable for the wrongful acts of Regan as a teacher in sexually grooming Plaintiff for sexual abuse and harassment in the course of and by reason of Defendant Regan's employment.

77. By reason of the foregoing, Defendants are liable for Defendant Regan's sexual abuse and harassment of Plaintiff.

78. By reason of the foregoing, Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection

and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

79.     By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A THIRD CAUSE OF ACTION:
## SEXUAL ASSAULT

80.     By reason of the foregoing, Defendant Regan sexually assaulted Plaintiff by causing Plaintiff, by the aforesaid grooming techniques and actions, including causing Plaintiff to be intoxicated, to become unable to sufficiently put up any objection to or meaningful resistance to Regan's sexual advances, then physically approaching Plaintiff and placing himself in, and his penis in, an intimidating position in relation to Plaintiff for the purpose of causing compelling, cajoling and intimidating Plaintiff into administering oral sex upon Regan.

81.     At all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of his employment as Defendants' teacher.

82.     By reason of the foregoing, Defendants are liable for the wrongful acts of Regan as a teacher in sexually grooming Plaintiff for sexual assault, abuse and harassment in the course of and by reason of Defendant Regan's employment.

83.     By reason of the foregoing, Defendants are liable for Defendant Regan's sexual assault and harassment of Plaintiff.

84.     Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship,

feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

85.     By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A FOURTH CAUSE OF ACTION:
## SEXUAL BATTERY

86.     By reason of the foregoing, Defendant Regan sexually battered Plaintiff by causing Plaintiff by the aforesaid techniques and actions, including causing Plaintiff be intoxicated, to become unable to sufficiently put up any objection to or meaningful resistance to Regan's sexual advances, then causing, compelling, cajoling, and intimidating Plaintiff by inserting his penis into infant student Plaintiff's mouth, and causing Plaintiff to administer oral sex to Regan.

87.     At all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by reason of his employment as Defendants' teacher.

88.     By reason of the foregoing, Defendants are liable for the wrongful acts of Regan as a teacher in sexually grooming Plaintiff for sexual abuse, battery and harassment in the course of and by virtue of Defendant Regan's employment.

89.     By reason of the foregoing, Defendants are liable for Defendant Regan's sexual battery of Plaintiff.

90.     By reason of the foregoing, consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of

affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

91.     By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A FIFTH CAUSE OF ACTION:
## SEXUAL ABUSE AND HARASSMENT OF PLANTIFF

92.     After the aforesaid battery of Plaintiff by Defendant Regan, Regan continued to engage in sexual grooming of Plaintiff while Plaintiff was a student and Regan a teacher in the Defendants' District, for Regan's sexual perverse pleasure and to prepare Plaintiff for improper sexual intercourse with Regan, in the course of and by virtue of Defendant Regan's employment by Defendants.

93.     Said improper sexual grooming techniques by Regan included but were not limited to cajoling, persuading, favoring Plaintiff and exercising his authority and power as a teacher, to cause Plaintiff to look up to, admire, rely upon Regan, accept Regan as a mentor and friend, and come under his undue influence; and said techniques included causing Plaintiff to go to the beach with Regan, to be there touched and embraced by Regan.

94.     Between 1997 and 2002 in the course of his employment and by use of his authority and power as a teacher in Defendants' school district, Defendant Regan compelled, cajoled, persuaded, overreached and used undue influence upon Plaintiff to cause Plaintiff to submit to and engage in sexual intercourse with Regan, on at least three discrete occasions.

95.     At all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by virtue of his employment as Defendants' teacher.

96.     By reason of the foregoing, Defendants are liable for Defendant Regan's sexual abuse and harassment of Plaintiff.

97.     Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

98.     By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A SIXTH CAUSE OF ACTION:
## SEXUAL ASSAULT OF PLAINTIFF

99.     By reason of the foregoing, Defendant Regan sexually assaulted Plaintiff by causing Plaintiff, by the aforesaid grooming techniques and actions, and by means of the use of and reliance upon Regan's power, authority and position as a teacher and coach in Defendant's school, and by taking undue advantage of Plaintiff's lack of judgment and understanding due to Plaintiff's young age as an infant, to become unable to sufficiently put up any objection to or meaningful resistance to Regan's sexual advances, then physically approaching Plaintiff and placing himself and his penis in an intimidating position in relation to Plaintiff for the purpose of causing and compelling, cajoling and intimidating infant student Plaintiff into sexual intercourse with Regan, and the sexual intercourse was engaged in at least once when Plaintiff was an infant, and sexual intercourse occurred on at least three discrete occasions.

100.    At all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by virtue of his employment as Defendants' teacher.

101.    By reason of the foregoing, Defendants are liable for the wrongful acts of Regan as a teacher and coach in sexually grooming Plaintiff for sexual assault abuse and harassment of Plaintiff, and for sexual assault upon Plaintiff, in the course of and by reason of Defendant Regan's employment.

102.    By reason of the foregoing, Defendants are liable for Defendant Regan's sexual assault of Plaintiff.

103.    Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

104.    By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

### AS FOR A SEVENTH CAUSE OF ACTION: SEXUAL BATTERY OF PLAINTIFF

105.    By reason of the foregoing, Defendant Regan sexually battered Plaintiff by causing Plaintiff by the aforesaid grooming techniques and actions, and by means of the use of and reliance upon Regan's authority and position as a teacher in Defendants' school, and by taking undue advantage of Plaintiff's lack of judgement and understanding due to Plaintiff's young age as an infant, to become unable to sufficiently put up any objection to or meaningful

resistance to Regan's sexual advances, then inserting his penis into infant Plaintiff's vagina and causing, compelling, cajoling and intimidating Plaintiff into sexual intercourse with Regan, engaged in at least once when Plaintiff was an infant, and sexual intercourse occurred on at least three discrete occasions

106.    At all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by virtue of his employment as Defendants' teacher.

107.    By reason of the foregoing, Defendants are liable for the wrongful acts of Regan as a teacher in sexually grooming Plaintiff for sexual abuse and harassment and battery in the course of and by virtue of Defendant Regan's employment.

108.    By reason of the foregoing, Defendants are liable for Defendant Regan's sexual battery of Plaintiff.

109.    Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

110.    By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR AN EIGTH CAUSE OF ACTION:
## VIOLATION OF TITLE IX 20 USC §1681 (*et seq.*)

111.    Plaintiff repeats paragraphs 1-110 herein.

18

112. At all times, each of Defendants had the authority, individually and collectively, to institute corrective measures on behalf of Defendant District and of Plaintiff to investigate, interfere with, cause cessation of, impede, and otherwise prevent or thwart a) Defendant Regan's illicitly sexual grooming techniques used upon Plaintiff and other students; b) Defendant Regan's aforesaid threatening behaviors; c) Defendant Regan's improper aforesaid relationship imposed upon Plaintiff; d) Defendant's sexual harassment of Plaintiff, sexual abuse of Plaintiff, sexual assault upon Plaintiff, sexual battery of Plaintiff; e) Defendant's willful aforesaid conduct in using Plaintiff as his agent in causing Plaintiff to engage in deceit of Defendants' agents and of Plaintiff's mother as to the true aforesaid events and circumstances as to the evening of the aforesaid Knicks game.

113. Each of Defendants at all times herein with reckless indifference, failed and refused to exercise their individual and/or collective authority to investigate, interfere with, cause cessation of, impede, and otherwise prevent or thwart Defendant Regan's aforesaid unlawful, atrocious behaviors, and to protect Plaintiff and her welfare, and that of other students.

114. Each of Defendants at all times herein exercised and demonstrated deliberate indifference and reckless indifference a) as to each of Defendant Regan's aforesaid unlawful and atrocious acts and behaviors; b) as to Plaintiff's welfare and that of other students in the Defendants' Districts.

115. Each of Defendants had an individual and/or collective obligation to have supervised and monitored Defendant Regan in his relationships with Plaintiff and with other students.

116. Defendant Districts, at all times herein, were public school districts receiving various federal funds, subject to 20 USC § 1681 *et seq.*

117. Upon information and belief, at all times herein, it was a policy, custom or practice of Defendants individually and collectively to exercise and demonstrate deliberate indifference and reckless indifference as to the behaviors of teachers and administrations, including Defendant Regan a) in relation to students including Plaintiff and b) as to the personal relationships of teachers, including Defendant Regan, with students, including Plaintiff.

118. By reason of the foregoing, Defendant Regan being free from Defendants' individual and collective scrutiny and supervision, and from exercise of Defendants' individual and collective authority as aforesaid, was enabled to engage in and maintain for a substantial time, the aforesaid unlawful conduct and illicit atrocious relationships with Plaintiff and other students, with impunity.

119. By reason of the foregoing, Defendants' breaches of their aforesaid duties and obligations caused the aforesaid harms to Plaintiff insofar as sexual predator, harasser, assaulter, batterer, sexual groomer Regan had unfettered access to Plaintiff as to the illicit atrocious relationship with Plaintiff, and to carry out, and did carry out all the aforesaid unlawful and atrocious behaviors as to Plaintiff and other students.

120. By reason of the foregoing, Defendants are liable for the aforesaid acts, in violation of Title IX §1681 *et seq.*, and have damaged Plaintiff, and caused Plaintiff to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact; and Plaintiff is entitled to punitive and exemplary damages and attorneys' fees, costs and disbursements.

### AS FOR A NINTH CAUSE OF ACTION:
### CIVIL RIGHTS VIOLATION OF 42 USC §1983

121.    Plaintiff repeats paragraphs 1- 120 herein.

122.    At all times, Defendants individually and collectively as state actors, had the authority and positive duty to protect students, including Plaintiff, in their rights, privileges and immunities as to their lives, liberties and properties, from all harm, including harm inflicted by Defendant Regan and by the deliberate indifference and reckless indifference exercised by Defendants themselves, as aforesaid.

123.    At all times, Defendants individually and collectively, including Defendant Regan in his capacity as teacher and girls' basketball coach, unlawfully deprived Plaintiff of her right to liberty and to privacy, and including her right to her welfare, dignity and bodily integrity, and as to a free and appropriate public school education, free of sexual harassment, abuse, assault, and battery.

124.    At all times herein, Plaintiff's aforesaid rights were violated in that Plaintiff was repeatedly deprived of her liberty and property in being required, cajoled, overreached, and subjected to undue influence by Defendant Regan in being rendered intoxicated by Regan and caused by Regan to be in Regan's vehicle and house and other sites in order that Regan could carry out the aforesaid atrocious acts upon Plaintiff, all which restrained Plaintiff in her liberty and deprived Plaintiff of her right to privacy and bodily and personal integrity, and of a free and appropriate public school education free of such sexual harassment, abuse, assault and battery.

125.    Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship,

feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

126.    By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A TENTH CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EXTREME EMOTIONAL DISTRESS

127.    By reason of the foregoing, including but not limited to Defendant Regan's sexual grooming techniques, Defendant Regan's causing infant Plaintiff to become intoxicated, insertion of his penis into Plaintiff's mouth and causing Plaintiff to administer oral sex upon him, inserting his penis into Plaintiff's vagina and engaging in sexual intercourse with infant Plaintiff, and causing Plaintiff to assist Regan in concealing his illicit sexual actions and to lie to school authorities regarding his sexual actions with Plaintiff, Regan engaged in the intentional infliction of extreme emotional distress upon Plaintiff.

128.    By reason of the foregoing, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by virtue of his employment as Defendants' teacher.

129.    By reason of the foregoing, Defendants are liable for the acts of their agents and employees, including Regan, for the intentional infliction of extreme emotional distress upon Plaintiff.

130.    Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship,

feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

131.   By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR AN ELEVENTH CAUSE OF ACTION:
### *PRIMA FACIE* TORT

132.   By reason of the foregoing, including but not limited to Defendant Regan's sexual grooming techniques, Defendant Regan's causing infant Plaintiff to become intoxicated, insertion of his penis into Plaintiff's mouth and causing Plaintiff to administer oral sex upon him, inserting his penis into Plaintiff's vagina and engaging in sexual intercourse with infant Plaintiff, and causing Plaintiff to assist Regan in concealing his sexual actions and to lie to school authorities regarding his illicit sexual actions with Plaintiff, Regan engaged in a *prima facie* tort against Plaintiff.

133.   By reason of the foregoing, Defendants are liable for engaging in a *prima facie* tort against Plaintiff in that at all times herein, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by virtue of his employment as Defendants' teacher.

134.   Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

135.    By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

## AS FOR A TWELTH CAUSE OF ACTION:
## BREACH OF FIDUCIARY DUTIES

136.    At all times herein, Defendants stood in *loco parentis* to Plaintiff, an infant student in Defendants' schools. Thereby, Defendants were fiduciaries of Plaintiff.

137.    At all times herein, Defendants were fiduciaries in fact and in law of Plaintiff as to the proper education of Plaintiff, the physical and mental protection of Plaintiff from harm, the physical and mental well-being and health of Plaintiff, and the inculcation of moral, intellectual, ethical principles and good citizenship of Plaintiff.

138.    By reason of the foregoing, Defendants enabled, and neglected to prevent, Defendant Regan from engaging against Plaintiff in the foregoing atrocious behaviors.

139.    By reason of the foregoing, including but not limited to Defendant Regan's sexual grooming techniques, Defendant Regan's causing infant Plaintiff to become intoxicated, insertion of his penis into Plaintiff's mouth and causing Plaintiff to administer oral sex upon him, inserting his penis into Plaintiff's vagina and engaging in sexual intercourse with infant Plaintiff, and causing Plaintiff to assist Regan in concealing his sexual actions and to lie to school authorities regarding his sexual actions with Plaintiff, Defendants breached their fiduciary duties to Plaintiff.

140.    By failing and refusing to properly investigate and ascertain the aforesaid intoxication of Plaintiff and of Plaintiff's and Defendant Regan's whereabouts, and activities connected to the Knicks game and thereafter, and of the relationship of and history of Regan with Plaintiff and also with other students including but not limited to the aforesaid 14-year old

24

female student, and by failing to prevent the aforesaid atrocious conduct of Regan, Defendants breached their fiduciary duties as to Plaintiff.

141.    Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

142.    By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

**AS FOR A THIRTEENTH CAUSE OF ACTION:**
**NEGLIGENT HIRING AND RETENTION**

143.    Upon information and belief, Defendants at all times had a duty to hire and retain a Special Education teacher and girls' basketball coach with proper experience, history and moral and ethical standards and disposition, and who was, in prior teaching employment and would always be in employment with Defendants, a role model for students, and who was not a sexual pervert and sexual predator.

144.    Upon information and belief, at all times, Defendants had a duty of investigation, inquiry and research as to all applicants when seeking to employ and when employing and continuing to employ such a special education teacher and girls' basketball coach. Upon information and belief, had Defendants performed their duties as aforesaid, Defendants would have discovered and determined that Defendant Regan was not and would not have been a role model for students and would have atrociously acted as he did. Defendants failed in the performance of their aforesaid duties.

25

145.    Upon information and belief, Defendant Regan was negligently employed as a special education teacher and girls' basketball coach by Defendants and Defendants' predecessors.

146.    Upon information and belief, Defendant Regan was negligently retained in employment by Defendants as a special education teacher and girls' basketball coach.

147.    At all times, upon information and belief, Defendants and their predecessors knew or should have known that Regan was not a role model for students and that he had demonstrated improper history, moral and ethical standards and behavior in his continued employment with Defendants, and in his prior employment with B.O.C.E.S.

148.    Nonetheless, without engaging in a full, proper investigation, inquiry and research as to Defendant Regan and without properly taking into account, or by ignoring, Regan's employment history, credentials, experience, history, and lack of moral and ethical standards and disposition, Defendants and their predecessors recklessly, negligently, and grossly negligently employed Regan as aforesaid, and continued him in his employment, even after Plaintiff's mother alerted Defendants to Regan's aforesaid relationship and behavior regarding Plaintiff.

149.    By reason of said employment of, and continuing employment of Defendant Regan, Defendants enabled sexual predator and sexual pervert Regan to sexually groom Plaintiff for Regan's aforesaid sexual depredations and to engage in said sexual depredations as to Plaintiff, all to Plaintiff's harm and damages.

150.    By reason of the foregoing, Defendants are responsible for and liable for the negligent and grossly negligent employment and retention in employment of Regan.

151.    By reason of the foregoing, Defendants were responsible for and liable for the acts of their agents and employees, including Defendant Regan, in the course of and by virtue of his employment as Defendants' teacher.

26

152.    Consequently Plaintiff suffered and continues to suffer fear, intimidation, anxiety, disgust, revulsion, alarm, terror, dread, degradation, emotional distress, panic, apprehension of harm, abhorrence, lack of sleep, nightmares, depression, loss of affection and companionship, feelings of isolation, shame, and physical invasion of privacy and physical harm, all to Plaintiff's damages in a sum to be determined by the trier of fact.

153.    By reason of the foregoing, Plaintiff is entitled to punitive damages in a sum to be determined by the trier of fact, but not less than three times Plaintiff's actual damages, and to attorneys' fees, costs and disbursements.

**WHEREFORE,** Plaintiff prays for judgement as follows:

a) On the first cause of action for Negligent Failure to Investigative and Supervise, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

b) On the second cause of action for Sexual Abuse and Harassment, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

c) On the third cause of action for Sexual Assault, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

d) On the fourth cause of action for Sexual Battery, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

e) On the fifth cause of action for Sexual Abuse and Harassment of Plaintiff, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

f) On the sixth cause of action for Sexual Assault of Plaintiff, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

g) On the seventh cause of action for Sexual Battery of Plaintiff, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

h) On the eighth cause of action for Violation of Title IX 20 USC §1681, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

i) On the ninth cause of action for Civil Rights Violation of 42 USC §1983, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

j) On the tenth cause of action for Intentional Infliction of Extreme Emotional Distress, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

k) On the eleventh cause of action for *Prima Facie* Tort, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

l) On the twelfth cause of action for Breach of Fiduciary Duties, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact;

m) On the thirteenth cause of action for Negligent Hiring and Retention, for damages, punitive damages and attorneys' fees, costs and disbursements, in a sum to be determined by the trier of fact, and for any other proper relief.

Dated: September 18, 2019
     Miller Place, NY

John Ray, Esq. (JR 5938)
Ray, Mitev & Associates, LLP
*Attorney(s) for Plaintiff*
122 North Country Road
P. O. Box 5440
Miller Place, NY 11764
(631) 473-1000
john@raymitevlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

Cv. No. 19-5327                    Year:   2019                    Hon.

------------------------------------------------------------------------

**JANE COE, a pseudonym**

                                    Plaintiff,

        *-against-*

**CHARLES REGAN, EASTPORT UNION FREE
SCHOOL DISTRICT, SOUTH MANOR UNION
FREE SCHOOL DISTRICT, EASTPORT-SOUTH
MANOR CENTRAL HIGH SCHOOL DISTRICT,
and EASTPORT-SOUTH MANOR CENTRAL
SCHOOL DISTRICT as successor in interest,
JOSEPH P. GAGLIANO, PETER C. SCORDO,
EDWARD BRODERICK, GARY H. SCHNEIDER,
BENEDICT MERENDINO, B. ALLEN MANNELLA,
WILLIAM BURGER, BRUCE KRONMAN,
CHARLES TESTA, RICHARD SCHMIDT,
MARILYN DORSA, MARION DIENER,
NEAL MIRANDA, and all superintendents,
administrators, principals, and their employees
and/or agents, from 1997 through 2002,**

                                    Defendants.

SUMMONS IN A CIVIL ACTION, COMPLAINT

**RAY, MITEV & ASSOCIATES, LLP**
*Attorneys for Plaintiff*
122 North Country Road
P. O. Box 5440
Miller Place, New York 11764-1117
(631) 473-1000

To:    Defendants

                                    ...........................................
                                    John Ray, Esq.

Service of a copy of the within                is hereby admitted.
Dated,
Attorney(s) for                                 ...........................................
Dated:  Miller Place, New York
        September 18, 2019

                                    Yours, etc
                                    **RAY, MITEV & ASSOCIATES, LLP**
                                    *Attorneys for Plaintiff*
                                    122 North Country Road
                                    Miller Place, NY 1176
                                    (631) 473-1000
                                    john@raymitevlaw.com