Law Offices of
# Thomas M. Volz, PLLC

| | | |
|---|---|---|
| Thomas M. Volz | 280 Smithtown Blvd. | Anthony S. DeLuca |
| Michael G. Vigliotta | Nesconset, NY 11767 | |
| David H. Arntsen | (631) 366-2700 | Joshua S. Shteierman |
| | FAX (631) 256-1704 | *Counsel* |
| | jshteierman@tvolzlaw.com | |

January 3, 2020

Honorable Eric N. Vitaliano
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    <u>Jane Coe, a pseudonym v. Eastport-South Manor Central School District, et al</u>.
               Case No. 19-CV-5327

Dear Judge Vitaliano:

We are the attorneys for the defendant Eastport- South Manor Central School District (hereinafter the "District") and the living individual defendants who have been named in their official capacities in the above action. We write pursuant to III(A) of your Individuals Rules to request a premotion conference for defendants' intention to file a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## Facts

The instant Complaint alleges that from September 1997 through June 2002, former District special education teacher and basketball coach Charles Regan groomed and eventually sexually assaulted the plaintiff by forcing her to perform oral sex on him and engaging in sexual intercourse with her on at least three occasions. The Complaint alleges that the District failed to properly investigate claims of impropriety made known to it by the plaintiff's parents, that it failed to supervise Mr. Regan and that its negligence facilitated the sexual assault and battery of the plaintiff.

The lawsuit asserts the following causes of action against the District and its employees:1) Negligent Failure to Investigate and Supervise; 2) Sexual Abuse and Harassment: 3) Sexual Assault; 4) Sexual Battery; 5) Sexual Abuse and Harassment of Plaintiff; 6) Sexual Assault of Plaintiff; 7) Sexual Battery of Plaintiff; 8) violation of Title IX, 20 USC 1681; 9) civil rights violation of 42 USC §1983; 10) Intentional Infliction of Extreme Emotional Distress; 11) Prima Facie Tort; 12) Breach of Fiduciary Duties; and 13) Negligent Hiring and Retention.

## Legal Argument

Defendants seek dismissal of the two federal causes of action asserted in the instant Complaint on both procedural and substantive grounds. Upon dismissal of said federal causes of action, the

Honorable Eric N. Vitaliano  Page 2  January 3, 2020
United States District Judge

Re: <u>Jane Coe, a pseudonym v. Eastport-South Manor Central School District, et al</u>.
Case No. 19-CV-5327

defendants respectfully request that this Court decline to exercise supplemental jurisdiction over the remaining state law claims asserted in the Complaint.

<u>Both federal claims are barred by the statute of limitations</u>

Plaintiff asserts two federal causes of action, the first under Title IX, 20 USC §1681 and a "civil rights violation" under 42 U.S.C. §1983. Both claims are time barred. Specifically, courts have held that personal injury actions (like the instant one) are the "most closely analogous" to Title IX claims and have thus applied New York's three-year statute of limitations to Title IX claims. *See* <u>Purcell v. New York Inst. of Tech. - Coll. of Osteopathic Med.</u>, 931 F.3d 59, 62–63 (2d Cir. 2019). Similarly, there is a three- year statute of limitations period which applies to Section 1983 lawsuits asserted in New York. *See* <u>Pauk v. Bd. of Trustees of City Univ. of New York</u>, 654 F.2d 856, 866 (2d Cir. 1981)

Since all of the allegations set forth in the instant Complaint occurred approximately twenty (20) years ago, plaintiff's federal causes of action asserted herein are time barred and should be dismissed.

<u>Title IX, 20 USC §1681</u>

In addition to plaintiff's Title IX claims being time barred, the Complaint fails to state a claim for such in any event. Title IX provides in pertinent part: "No person…shall, on the basis of sex, be excluded from participating in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. 20 U.S.C. §1681(a).

For an educational institution to be liable under Title IX, the plaintiff must establish that a school official with authority to address the alleged discrimination and to institute corrective measures had actual knowledge of the discrimination and acted with deliberate indifference. <u>Papelino v. Albany College of Pharm. Of union Univ</u>., 633 F.3d 81, 89 (2d Cir. 2011). This imposes a greater evidentiary burden on a Title IX claimant. <u>Hayut v. State Univ. of N.Y</u>., 352 F.3d 733, 750 (2d Cir. 2003).

Here, the Complaint does not establish that District officials had actual notice of the alleged sexual harassment of the plaintiff. *See* <u>Gonzalez v. Esparza</u>, 2003 WL 21834970 at *3 (SDNY 2003) (granting motion to dismiss where plaintiff failed to allege that any school official had notice of the harassment by a teacher); <u>Hayut</u>, 352 F.3d at 750 (absent any evidence sufficient to establish that defendants had actual knowledge of any such harassment they cannot be liable under Title IX for their allege deliberate indifference).

Moreover, the Complaint fails to establish that the District was deliberately indifferent to the plaintiff. Specifically, while plaintiff complains about the thoroughness of the District's investigation into the allegations she made after the alleged abuse occurred, she does acknowledge that an investigation occurred and admits that it was likely impacted by the plaintiff's and Mr.

| | | |
|---|---|---|
| Honorable Eric N. Vitaliano<br>United States District Judge | Page 3 | January 3, 2020 |

Re: <u>Jane Coe, a pseudonym v. Eastport-South Manor Central School District, et al</u>.
Case No. 19-CV-5327

Regan's strategy to lie and cover-up the underlying events. Under these facts, the District cannot be found to have acted with deliberate indifference. *See* <u>Romero v. City of New York</u>, 839 F. Supp.2d 588, 611 (E.D.N.Y. 2012).

Finally, there is no individual liability under Title IX and therefore this claim cannot be properly asserted against the individual defendants sued herein. *See* <u>Fitzgerald v. Barnstable School Committee,</u> 555 U.S. 246, 257 (2009).

<u>42 U.S.C. §1983</u>

The Complaint conclusively states a cause of action for "civil rights violation pursuant to 42 U.S.C. §1983". (Complaint, ¶121-¶126). Specially, the Complaint references the plaintiff's alleged loss of liberty as a result of the District's deliberate indifference.

Importantly, Section 1983 does not create federal rights, but is the procedural vehicle for enforcing federal rights secured by the Constitution. <u>Albright v. Oliver</u>, 114 S.Ct. 807, 811 (1994); <u>Hertz Corp. v. City of New York</u>, 1 F.3d 121, 133 (2d Cir.1993), *cert. denied,* 114 S.Ct. 1054, 1055 (1994); <u>Wright v. Naranjo</u>, No. 94-CV-2461, 1996 WL 449276, at *2 (E.D.N.Y. 1996). Thus, the Complaint does not state a viable §1983 claim.

It is for the foregoing reasons, that defendants respectfully request a premotion conference for the purpose of obtaining a briefing schedule to file a motion to dismiss.

Thank you for your attention to this matter and the courtesies extended herein.

Very truly yours,

Joshua S. Shteierman